IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK SCHWARZMAN, | ) | CASE NO. 1:15 CV 885 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| MICHELLE MILLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

I.      **Introduction**

Currently before the court is the *pro se* petition of Mark Schwarzman, Ohio Inmate

A643-446 for a writ of habeas corpus under 28 U.S.C. § 2254.  On July 3, 2013, Schwarzman

was convicted of three counts of rape under Ohio Rev. Code § 2907.02(A)(1)(B), four counts of

kidnapping under Ohio Rev. Code § 2905.01(A)(4), and one count of attempted rape under Ohio

Rev. Code § 2923.02/2907.02(A)(B).[1]  He was sentenced to an aggregate prison term of sixteen

years.[2]  Schwarzman is currently incarcerated at the Belmont Correctional Institution, in St.

Clairsville, Ohio.[3]  Schwarzman's petition raises twelve grounds for relief.[4]  Respondent,

Michelle Miller, filed a Return of Writ on June 17, 2015.[5]  Schwarzman filed an opposition brief

in response to the return of writ on July 5, 2015.[6]

---

[1] ECF Doc. No. 11-1, Page ID# 407.
[2] ECF Doc. No. 11-1, Page ID# 408.
[3] http://odrc.drc.ohio.gov/OffenderSearch/details.aspx?id=A643446&pg=x (last visited 9/12/2016)
[4] ECF Doc. No. 1, Page ID# 7-20.
[5] ECF Doc. No. 11.
[6] ECF Doc. No. 12.

In June 2015, the matter was referred pursuant to Local Rule 72.2 for a report and
recommendation to former Magistrate Judge Greg White.  Subsequently, the matter was referred
to the undersigned on March 29, 2016, after Magistrate Judge White retired.

For the reasons set forth below, it is recommended that the petition be **DENIED**.

## II.    Factual Background

The Ohio Court of Appeals for the Eighth Appellate District set for the following facts on
direct appeal:[7]

{¶1}  A jury found defendant-appellant Mark Schwarzman guilty of three counts of rape, one
count of attempted rape, and four counts of kidnaping.  The victim of the offenses,
Schwarzman's stepdaughter, claimed that Schwarzman repeatedly raped her over an eight-
year period commencing 1999 when she was just eight years old.

{¶17}  The victim testified that she was born in February 1991.  When she was eight or nine
years old, she, her mother, and two sisters moved into Schwarzman's house to live with him
and his two daughters.

{¶18}  In 2001, the victim recalled a time that she accompanied Schwarzman to his third-
shift job at a retail store.  When they arrived home, the victim's mother was at work and her
sister and stepsisters were sleeping.  As the victim headed up to her bedroom, Schwarzman
pulled her by the arm into his bedroom.  He undressed her put a condom on, had her lay on
the bed, and engaged in intercourse with her.  When he finished, he fell asleep.  The victim
said she "stayed still" on the bed, not moving until Schwarzman awoke.  He saw her sitting
on the bed and said, "oh, you want some more."  He then raped her again.  She did not tell
her mother for fear of being beaten.

{¶19}  The victim recounted another occasion in 2001, when she was in third grade, when
Schwarzman told her to come to the basement.  He removed her clothes, put on a condom,
and began to engage in intercourse with her.  He was interrupted, however, by the (sic) one
of the victim's stepsisters.  Schwarzman went over to the stepsister (his daughter) and told
her not to say anything about what she saw because "daddy will go to jail."

{¶21}  The sole count of attempted rape relates to an incident in which a nude Schwarzman
took the victim into the dining room of their house and was undoing the drawstring on her
pants when her younger sister entered the room.  After being discovered, Schwarzman ran
into the bathroom.  The victim said "[I] pulled my pants up and I tied them in a knot" so that

---

[7] These facts "shall be presumed to be correct," and Petitioner has the burden of rebutting the presumption
of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Warren v. Smith,* 161 F.3d 360-
61 (6th Cir. 1998); cert denied, 527 U.S. 1040 (1999).

she could tell her sister that Schwarzman was trying to untie her pants because she was unable to do so.

*State v. Schwarzman*, 2014-Ohio-2393, ¶ 1, *appeal not allowed,* 2014-Ohio-4414, ¶ 1, 140 Ohio St. 3d 1454, 17 N.E.3d 600.

## III.    Relevant State Procedural History

### A.    Original Proceedings Leading to Conviction.

On March 11, 2013, Schwarzman was indicted on three counts of gross sexual imposition against a victim under the age of thirteen (his stepdaughter) in violation of Ohio Rev. Code §§ 2907.05(A)(4) and 2907.05(A)(1) (Counts 1, 10, and 17), eight counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4) (Counts 2, 4, 6, 8, 11, 13, 15, and 18), and seven counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b) (Counts 3, 5, 7, 9, 12, 14, and 16).[8] Schwarzman pled not guilty to the indictment on March 20, 2013.[9]

On June 18, 2013, six days before the scheduled June 24, 2013 trial date, Schwarzman's counsel moved for a trial continuance, averring that Schwarzman hired an investigator who needed to conduct additional interviews of prospective witnesses and had not yet received records that he subpoenaed.[10]  At the proceedings just before trial, counsel also noted that he had hospital records showing Schwarzman had been diagnosed with genital herpes, HSV-2, in 1997. Counsel indicated that he should retain a medical expert regarding this condition.[11] The trial court denied a continuance and the trial began on June 24, 2013.[12]  At the close of the State's case, Schwarzman moved for an acquittal pursuant to Ohio Crim. Rule 29.[13]  The court granted

---

[8] ECF Doc. No. 11-1, Page ID# 394.  The identification of the victim as Schwarzman's stepdaughter was revealed in ECF Doc. No. 11-1, Page ID# 500.
[9] ECF Doc. No. 11-1, Page ID# 401.
[10] ECF Doc. No. 11-1, Page ID# 402.
[11] *State v. Schwarzman*, 2015-Ohio-516, ¶ 2
[12] ECF Doc. No. 11-1, Page ID# 404.
[13] ECF Doc. No. 11-1, Page ID# 405.

the motion as to Counts 10, 16, 17, and 18.[14]  Count 9 was reduced to attempted rape.[15]  At the

close of his case, Schwarzman's renewed Rule 29 motion was denied.[16]  On July 1, 2013, the

jury found Schwarzman guilty of three counts of rape (Counts 3, 5, and 7), four counts of

kidnapping (Counts 4, 6, 8, and 11) and one count of attempted rape (Count 9).[17]  He was

acquitted of the remaining charges.[18]

On August 30, 2013, Schwarzman was sentenced on April 5, 2013.  Upon election by the state, the court

merged Counts 4, 6, and 8 (kidnapping) with Counts 3, 5, and 7 (rape), respectively, and merged

Count 9 (attempted rape) with Count 11 (kidnapping).[19]  The court ordered Schwarzman to serve

8 years each on Counts 3 and 5, to be served concurrently.[20]  The court also ordered Schwarzman

to serve 8 years each on Counts 7 11, also to be served concurrently.[21]  The court also ordered

that Counts 7 and 11 be served consecutive to Counts 3 and 5, for an aggregate prison term of 16

years.[22]

## B.     Direct Appeal

On August 30, 2013, Schwarzman, represented by counsel, filed a notice of appeal with

the Eighth District Court of Appeals.  In his merit brief, Schwarzman raised the following

assignments of error:[23]

1.  The trial court's failure to grant a continuance denied the defendant due process, the
    effective assistance of counsel, compulsory process, the right to present a defense and
    the right to a fair trial under the Sixth and Fourteenth Amendments to the United
    States Constitution and Article I Section 10 of the Ohio Constitution.

---

[14] Id.
[15] Id.
[16] ECF Doc. No. 11-1, Page ID# 406.
[17] ECF Doc. No. 11-1, Page ID# 407.
[18] Id.
[19] Id.
[20] Id.
[21] Id.
[22] Id.
[23] ECF Doc. No. 11-1, Page ID# 423-424.

2.  The lack of specificity in the indictment violated Appellant's rights to due process and notice because it charged him with multiple, similar offenses over an extended period of time without sufficient differentiation amount (sic) the counts of misconduct.

3.  The trial court erred when it denied Appellant's motion for acquittal under Crim. R. 29 because the state failed to present sufficient evidence to establish beyond a reasonable doubt the elements necessary to support the convictions.

4.  Appellant's convictions are against the manifest weight of the evidence.

5.  Appellant was denied his right to due process when the state was allowed to elicit inadmissible testimony over Appellant's objection.

6.  The trial court erred by allowing the state to cross-examine its own witness which deprived Appellant of a fair trial in violation of his constitutional right to due process.

7.  The trial court improperly limited Appellant's examination of the witness.

8.  Appellant's sentence is contrary to law because it is disproportionate and contrary to the principles and purposes of felony sentencing established by law and the trial court's findings regarding consecutive sentencing are not supported by the record.

The state filed a responsive brief.[24]  By a journal entry filed June 5, 2014, the Eighth District Court of Appeals affirmed the trial court judgment.[25]

On July 16, 2014, Schwarzman appealed, *pro* se, to the Ohio Supreme Court.  In his memorandum in support of jurisdiction, he presented four propositions of law:

1.  The verdicts were against the manifest weight of the evidence and was [*sic*] therefore insufficient to support conviction.

2.  The trial court committed reversible error when it denied Appellant's motion for a medical technician to determine the transmittal of an infectious disease.

3.  The Appellant was prejudiced by ineffective assistance of counsel.

4.  The prosecutor committed reversible error when it violated Rule 3.8 the special responsibility of a prosecutor.

---

[24] ECF Doc. No. 11-1, Page ID# 70-108.
[25] ECF Doc. No. 11-1, Page ID# 109-136.

The state waived a response.[26]  On October 6, 2014, the Supreme Court declined jurisdiction.[27]

### C.    Post-Conviction Relief Motion

On March 10, 2014, Schwarzman filed a *pro se* petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21.  The trial court characterized his claims[28] as follows:

1.  That the trial court erred by admitting impermissible hearsay of Debbie Briggs and Harrison Briggs;

2.  That his trial counsel was ineffective for failing to present evidence to contradict the state's witnesses; and

3.  That he was wrongfully denied the opportunity to present medical evidence.

The state opposed the application,[29] and Schwarzman filed a rebuttal.[30]  On January 15, 2015, the trial court denied relief, concluding that the claims were barred by the doctrine of *res judicata* and, even if not barred, his ineffective assistance of counsel claim lacked factual support.[31]

Schwarzman did not appeal that decision.

### D.    Application to Reopen Direct Appeal

In September 2014, Schwarzman filed *pro se* an application for reopening his direct appeal pursuant to Ohio App. Rule 26(B) in the Eighth District Court of Appeals.[32]  Schwarzman argued that his appellate counsel was ineffective for (1) not moving for a continuance earlier, and (2) failing to investigate additional witnesses and evidence, including obtaining medical experts who could have tendered exculpatory evidence.[33]  The state filed a memorandum of law

---

[26] ECF Doc. No. 11-1, Page ID# 573.
[27] ECF Doc. No. 11-1, Page ID# 574.
[28] ECF Doc. No. 11-1, Page ID# 601.
[29] ECF Doc. No. 11-1, Page ID# 591-594.
[30] ECF Doc. No. 11-1, Page ID# 595-599.
[31] ECF Doc. No. 11-1, Page ID# 602 & 605.
[32] ECF Doc. No. 11-1, Page ID# 606-614.
[33] ECF Doc. No. 11-1, Exs. 23 & 24.

opposing Schwarzman's application for reopening[34] and Schwarzman filed a rebuttal.[35]  On

February 6, 2015, the Eighth District Court of Appeals denied Schwarzman's application for

reopening.[36]

Schwarzman did not appeal that decision to the Ohio Supreme Court.

## IV.     Federal Habeas Petition

On May 4, 2015, Schwarzman filed[37] the instant petition for writ of habeas corpus.[38]

Schwarzman's petition raises twelve grounds for relief:[39]

> **GROUND ONE**:
> Court's refusal to grant a trial continuance.
>
> **GROUND TWO**:
> Challenge to the specificity of the indictment.
>
> **GROUND THREE**:
> State offered insufficient evidence to show that offences occurred within the timeframe alleged in the indictment.
>
> **GROUND FOUR**:
> Jury verdict is against the manifest weight of the evidence.
>
> **GROUND FIVE**:
> Contents in victim's diary should have been considered as hearsay evidence.
>
> **GROUND SIX**:
> State's impeached witness's testimony was damaging to his defense even though the jury was informed to disregard it.
>
> **GROUND SEVEN**:

---

[34] ECF Doc. No. 11-1, Page ID# 615-620.
[35] ECF Doc. No. 11-1, Page ID# 621-627.
[36] ECF Doc. No. 11-1, Ex. 27.
[37] Schwarzman signed his petition on April 30, 2015.  ECF Doc. No. 1, Page ID# 24.
[38] Doc. No. 1.
[39] Id., Page ID## 7-20.

The state prejudiced Defendant by not allowing his witness to testify fully in his defense.

**GROUND EIGHT**:

Sentences are contrary to law; and disproportionate to his conduct.

**GROUND NINE**:

The Appellant was prejudiced by ineffective assistance of appellate and trial counsel.

**GROUND TEN**:

The trial court committed reversible error when it denied Appellant's motion for a medical technician to determine the transmittal of an infectious disease.

**GROUND ELEVEN**:

Appellant has right to equal protection of laws.

**GROUND TWELVE**:

Violations of constitutional rights, statutes, evidence rules, and criminal procedures prevented Appellant to due process of law.

Schwarzman also filed a detailed memorandum in support of his habeas petition further outlining his grounds for relief.[40] On June 17, 2015, Respondent filed a return of writ.[41] On July 7, 2015, Schwarzman filed his opposition to the return of writ.[42]

**V.     Applicable Law**

    **A.     General Standard of Review under AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs habeas petitions filed after the effective date of the AEDPA (April 24, 1996). 28 U.S.C. § 2254. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). Because the federal habeas petition in this case was filed after the effective date of the AEDPA,

---

[40] ECF Doc. No. 1-2. Schwarzman also attached various statements, transcripts, rules and statutes to his petition. See ECF Doc. Nos. 1-1, 1-3, 1-4, 1-5, and 1-6.
[41] ECF Doc. No. 11, Page ID# 352-389.
[42] ECF Doc. No. 12, Page ID# 1462-1474.

AEDPA governs here. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928, 125 S.Ct. 1653, 161 L.Ed.2d 490 (2005). The statute defines the limited circumstances when habeas relief may be granted:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.' " *Mitchell v. Esparza,* 540 U.S. 12, 15-16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003) (per curiam) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000)); *see also Bell v. Cone,* 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002).  "[T]he 'unreasonable application' clause of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 2534-35, 156 L.Ed.2d 471 (2003) (quoting *Williams,* 529 U.S. at 413, 120 S.Ct. at 1523); *see also Bell,* 535 U.S. at 694, 122 S.Ct. at 1850.

However, a petitioner must also meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th

Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001).

### B.    Exhaustion

A federal court is not permitted to grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). In order to exhaust his state-court opportunities for relief, a state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *See Manning v. Alexander,* 912 F.2d 878, 881-883 (6th Cir. 1990).  However, if any state procedures for relief remain available, the petitioner has not exhausted his state remedies, and a federal court must dismiss his petition. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

### C.    Procedural Default

Procedural default may occur in two ways. *Williams v. Anderson*, 460 F.3d 789, 806. (6th Cir.).  First, a petitioner procedurally defaults a claim where petitioner fails "to comply with state procedural rules in presenting his claim to the appropriate state court" and the state-court ruling against the petitioner rests on independent and adequate state-law procedural grounds.  *Id.*  In

10

*Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit established a four-part test

to determine whether a claim is barred on habeas corpus review due to petitioner's failure to

comply with a state procedural rule:

> (1) whether the petitioner failed to comply with an applicable state procedural rule,
> (2) whether the state court actually enforced the state procedural rule,
> (3) whether the state procedural rule was an "independent and adequate" state ground on
> which the state could rely to foreclose review of a federal constitutional claim, and
> (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.  See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the

procedural rule, the state court declines to reach the merits of the issue, and the state procedural

rule is an independent and adequate grounds for precluding relief, the claim is procedurally

defaulted." (Internal citations omitted.))

The second type of procedural default occurs when a petitioner fails to raise a claim in

state court and "pursue that claim through the state's ordinary appellate review procedures."

*Williams*, 460 F.3d at 806 (*citing O'Sullivan v. Boerckel*, 526 U.S. 838, 848-7, 119 S.Ct. 1728,

144 L.Ed.2d 1 (1999). 526 U.S. at 848)(internal quotations omitted). "If, at the time of the

federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is

procedurally defaulted." *Williams*, 460 F.3d at 806. While the exhaustion requirement is

technically satisfied because there are no longer any state remedies available to the petitioner,

see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), a petitioner's failure to have the federal

claims considered in the state courts constitutes a procedural default of those claims which bars

federal court review. *Williams,* 460 F.3d at 806.

This second type of procedural default is often confused with exhaustion. Exhaustion and

procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers

to remedies still available at the time of the federal petition."  *Engle v. Isaac,* 456 U.S. 107, 125

n. 28, 102 S.Ct. 1558. Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id.*  In Ohio, a petitioner is not entitled to raise claims in a petition for post-conviction relief when those claims could have been raised on direct appeal.  *Id.* Thus, if an Ohio post-conviction petitioner failed to raise a claim on direct appeal that could have been raised then, the claim is procedurally defaulted. *Id.*

"Out of respect for finality, comity, and the orderly administration of justice," a federal court will not consider the merits of a procedurally defaulted claim absent a showing of cause and prejudice to excuse the default or a demonstration of actual innocence.  *Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 1849, 158 L. Ed. 2d 659 (2004); *See also Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir.2006).

### 1.     Cause and Prejudice

A demonstration of cause and prejudice may excuse a procedural default.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  "Cause" is some "objective factor external to the defense" that impeded petitioner's efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488, 492, 106 S.Ct. 2635, 2645-48, 91 L.Ed.2d 397 (1986).  "Prejudice" must be "actual prejudice" to the federal petitioner's interests resulting from the alleged violation of his or her federal law rights. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 2546 (1991); *Bousley v. U.S.,* 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Murray v. Carrier*, 477 U.S. at 489, 106 S.Ct. at 2646.

2.      **Actual Innocence**

A procedural default may also be excused by showing a fundamental miscarriage of justice resulting in the conviction of one who is actually innocent.  In *Schlup v. Delo*, 513 U.S. 298, 314-315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), the Supreme Court held that a habeas petitioner who makes a "colorable showing of factual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits."  This exception is concerned with actual, as opposed to legal, innocence and must be based on new evidence that was not presented at trial.  *Schlup,* 513 U.S. at 324; *Calderon v. Thompson,* 523 U.S. 538, 559 (1998).  In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *Schlup,* 513 U.S. at 324.

D.      **Cognizability**

A habeas petitioner must also present a claim that is cognizable under federal constitutional law in order to obtain federal habeas relief.  A federal court's consideration of a petition for a writ of habeas corpus filed by a  petitioner imprisoned under the judgment of a state court is governed by 28 U.S.C. § 2254(a),  which permits the state prisoner to challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.*  To say that a petitioner's claim is not cognizable on habeas review is another way of saying that his claim  "presents no federal issue at all."  *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991).  Federal habeas corpus relief "does not lie for errors of state law."  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and the federal court is bound by the state court's interpretations of state  law.  *See*

*e.g. Wainwright v. Goode,* 464 U.S. 78, 84 (1983).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or  procedure.  *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago,* 809 F.2d  326, 328 (6th Cir. 1987).  "[F]ederal courts must defer to a state court's interpretation of its own  rules of evidence and procedure" in considering a habeas petition. *Allen,* 845 F.2d at 614,  quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985).

## VI.    Legal Analysis

### A.    Claims Overview

Schwarzman sets forth twelve Grounds for relief.  Respondent argues that Schwarzman's petition should be denied for the following reasons:  Ground's One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve are procedurally defaulted and/or non-cognizable. Respondent contends Ground Three should be denied for lack of merit.[43] For the reasons explained below, the undersigned, based upon a review of the petition, the memorandum in support of the petition, the return of writ, petitioner's brief in opposition to the return of writ, the state court record and applicable law, concludes the following:

- Ground One is procedurally defaulted;
- Ground Two is procedurally defaulted and without merit;
- Ground Three is without merit;
- Ground Four is not cognizable;
- Ground Five is procedurally defaulted and not cognizable;
- Ground Six is procedurally defaulted and not cognizable;
- Ground Seven is procedurally defaulted and not cognizable;
- Ground Eight is procedurally defaulted.
- Ground Nine is procedurally defaulted.
- Ground Ten is procedurally defaulted.

---

[43] ECF Doc. No. 11, Page ID# 366-388.

- Ground Eleven is procedurally defaulted and not cognizable; and
- Ground Twelve is procedurally defaulted and not cognizable.

Schwarzman has not shown any cause that would excuse his procedural defaults or submitted any new evidence to demonstrate his actual innocence.  Accordingly, the undersigned recommends that federal habeas relief be denied.

### B.    Ground One (denial of continuance)

In Ground One, Schwarzman challenges the trial court's denial of a continuance. Respondent argues, and the undersigned agrees, that Schwarzman procedurally defaulted his first claim for relief.  On direct appeal to the Eighth District Court of Appeals, Schwarzman argued in his first assignment of error that the trial court improperly denied him a trial continuance.[44] However, Schwarzman failed to pursue this claim in his appeal to the Ohio Supreme Court.[45]

A petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's "ordinary appellate review procedures." *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006) *quoting O'Sullivan*, 526 U.S. at 848-47.  Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default bars federal court review. *Engle,* 456 U.S. at 125 n. 28.  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.*  Schwarzman challenged the trial court's denial of a continuance in the Eighth District Court of Appeals on direct review.  He also filed a timely appeal to the Ohio Supreme Court from the appellate court's decision.  However, in his memorandum in support of jurisdiction to the Ohio Supreme Court he did not continue to

---

[44] ECF Doc. No. 11-1, Page ID# 442-443.
[45] ECF Doc. No. 11-1, Page ID# 528-545.

pursue this claim.[46]  In fact, instead of arguing that the trial court improperly denied him a continuance, Schwarzman argued that his trial counsel was ineffective for "failing to properly file a continuance [*sic*] in adequate time."[47]  Thus, he seemed to abandon his prior argument that the trial court erred by denying him a continuance, and claimed that his lawyer, rather than the trial court, had erred.  Because Schwarzman failed to pursue his claim to the Ohio Supreme Court, he is now barred from doing so under Ohio law.  Thus, Ground One is procedurally defaulted.

### C.  Ground Two (sufficiency of the indictment)

In Ground Two, Schwarzman challenges the sufficiency of his indictment.[48]  More specifically, he argues that the jury convicted him of a 2004 offense that was outside of the dates specified in the indictment (i.e., January 1, 2001 to December 31, 2001).[49]  Respondent claims that Schwarzman "committed two procedural defaults" with respect to this claim.[50]  First, Respondent argues that Schwarzman failed to present the claim on appeal to the Ohio Supreme Court.  Second, Respondent contends that Schwarzman failed to object to the indictment in the trial court and, therefore, did not properly preserve the claim for appellate review in the state court.[51]

Respondent is correct that Schwarzman failed to pursue this claim in his appeal to the Ohio Supreme Court.[52]  Thus, for the reasons discussed more fully in Ground One, Schwarzman

---

[46] ECF Doc. No. 11-1, Ex. 14.
[47] ECF Doc. No. 11-1 Page ID# 536.
[48] ECF Doc. No. 1, Page ID# 8.
[49] ECF Doc. No. 12, Page ID# 1470.
[50] ECF Doc. No. 11, Page ID# 368.
[51] Id.
[52] ECF Doc. No. 11-1, Page ID# 528-545.

has also procedurally defaulted Ground Two.[53]  *Williams,* 460 F.3d at 806 *quoting O'Sullivan*,

526 U.S. at 848-7 ("A petitioner may procedurally default a claim by failing to raise a claim in

state court, and pursue that claim through the state's 'ordinary appellate review procedures.'")

Since it has been determined that Schwarzman procedurally defaulted Ground Two by failing to

pursue his appeal to the Ohio Supreme Court, it not necessary for this court to address

Respondent's second procedural default argument (that Schwarzman also defaulted by failing to

object to the indictment at trial.)

　　　　Even if Schwarzman's sufficiency of the indictment challenge were not procedurally

defaulted, it would fail on the merits.  There is no federal constitutional right to an indictment in

state criminal proceedings. *Hurtado v. California,* 110 U.S. 516, 537–38 (1884); *see also*

*Branzburg v. Hayes,* 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Koontz v.*

*Glossa,* 731 F.2d 365, 369 (6th Cir.1984) ("The law is well settled that the federal guarantee of a

grand jury indictment has not been applied to the states.... It is also well settled in this Circuit

that the Constitution does not require any particular state indictment rule."); *Watson v. Jago,* 558

F.2d 330, 337 (6th Cir.1977); *Fears v. Miller,* No. 1:09–cv–698, 2009 WL 6315341, at *9

(N.D.Ohio Dec.1, 2009) (Report & Recommendation), *adopted,* 2010 WL 1258096 (N.D.Ohio

Mar.30, 2010); *Harsh v. Warden, Chillicothe Corr. Inst.,* No. 1:08–cv–433, 2009 WL 3378246,

at *1, *20 (S.D.Ohio Oct.15, 2009).  As long as "sufficient notice of the charges is given in some

... manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's

Due Process Clause is satisfied. *Koontz,* 731 F.2d at 369; *Watson,* 558 F.2d at 338; *see also*

*Williams v. Haviland,* 467 F.3d 527, 535 (6th Cir.2006).  In this case, the Court should find that

---

[53] Because this Court should find that Schwarzman's claim is procedurally defaulted for failure to pursue
the claim in the Ohio Supreme Court, this Court need not separately address Respondent's argument that
the claims is also procedurally defaulted for failing to object to the issue at trial.

the indictment provided Schwarzman with sufficient notice of the charges against him to satisfy any due process concerns.

Accordingly, Schwarzman is not entitled to habeas relief on Ground Two because it is procedurally defaulted and without merit.

### D.  Ground Three (sufficiency of the evidence)

In his third ground for relief, Schwarzman argues that the evidence at trial was insufficient to support his rape and attempted rape convictions.[54]  Respondent counters that Ground Three should be denied on the merits.[55]  Schwarzman presented his insufficiency claim as his third assignment of error to the Ohio Court of Appeals.[56]  He also separately argued, in his fourth assignment of error, that his conviction was against the manifest weight of the evidence.[57]  After the appellate court held that Schwarzman's convictions were not against the manifest weight of the evidence or based on insufficient evidence, he appealed to the Ohio Supreme Court.  In his first proposition of law to the Ohio Supreme Court, Schwarzman stated that "the verdicts were against the manifest weight of the evidence and was [*sic*] therefore insufficient to support conviction."[58]  However, Schwarzman went on to argue only that the verdicts were against the manifest weight of the evidence, citing cases interpreting the manifest weight standard.[59]  He made no specific arguments with regard to sufficiency of the evidence.  Thus, as

---

[54] ECF Doc. No 1, Page ID# 9.  Schwarzman actually narrowly argues that the evidence at trial was insufficient "to show that the offenses occurred within the time frame alleged in the indictment."  As put forth in the previous section, Schwarzman procedurally defaulted his claim regarding the sufficiency of the indictment.  Therefore, to the extent Ground Three is merely a resuscitation of Ground Two, it is procedurally defaulted and without merit as discussed in that section.  To the extent that Schwarzman is arguing a more broad sufficiency of the evidence claim, as he did at the Ohio appellate court on direct review, that claim is discussed in this section.
[55] ECF Doc. No. 11-1, Page ID# 371-378.
[56] ECF Doc. No. 11-1, Page ID# 446-450.
[57] Id., Page ID# 450-453.
[58] ECF Doc. No. 11-1, Page ID# 533.
[59] Id.

a threshold matter, it must be determined whether Schwarzman procedurally defaulted his sufficiency of the evidence claim by not adequately presenting it to the Ohio state courts.

Ordinarily habeas relief can only be sought for claims that have been ruled upon in state court. *See* 28 U.S.C. § 2254(b)(1)(A).  On appeal to the Ohio Supreme Court, Schwarzman argued that his convictions were against the manifest weight of the evidence, but he did not literally argue that there was insufficient evidence to support his conviction. Nevertheless, the sufficiency of the evidence issue was adequately presented to the Ohio Supreme Court because "the determination…that the conviction was supported by the manifest weight of the evidence necessarily implies a finding that there was sufficient evidence." *Nash v. Eberlin*, 258 F. App'x 761, 764–65 (6th Cir. 2007).  The Ohio Court of Appeals, for instance, has explained that "'[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency.' Thus, a determination that a conviction is supported by the weight evidence will also be dispositive of the issue of sufficiency." *State v. Lee,* 158 Ohio App.3d 129, 134, 814 N.E.2d 112, 115 (2004) (citations omitted). Therefore, Schwarzman has not defaulted his third ground for relief challenging the sufficiency of the evidence to support his convictions.  Although not procedurally defaulted, Ground Three lacks merit, as explained below.

On federal habeas review, a state court's determination regarding a sufficiency of evidence claim is entitled to a "double layer" of deference. *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008).  The first layer of deference goes to the factfinder; the second goes to the state reviewing court as required by the AEDPA.  *Id.*  As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference is due to the jury's finding of guilt because the standard announced in *Jackson v. Virginia,* 443 U.S. 307 (1979) is whether, "viewing the trial testimony

and exhibits in the light most  favorable to the prosecution, any rational trier of fact could have found the essential elements of   the crime beyond a reasonable doubt."  *Brown v. Konteh*, 567 F.3d at 205.   This standard "gives  full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to  weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts."  *Jackson*, 443 at 319.  The second layer of deference goes to the state appellate court.  Even if the federal habeas court believes that a rational trier of fact could not have found guilt beyond a reasonable doubt, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown*, 567 F.3d at 205*; see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

A claim that the evidence was constitutionally insufficient to support a conviction presents a mixed question of law and fact. *Starr v. Mitchell*, 234 F.3d 1270, at *3 (6th Cir. 2000) (unpublished). Thus, "a writ of habeas corpus may be issued for evidence insufficiency only if the state court adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. §2254(d)(1), or was based on 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' 28 U.S.C. §2254(d)(2)." *Id.*  The Sixth Circuit has noted that the *Jackson v. Virginia* standard is so demanding that "[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle." *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011); *United States v. Oros,* 578 F.3d 703, 710 (7th Cir.2009) (internal quotation marks omitted).

In addressing Schwarzman's sufficiency of the evidence claim, the Ohio Court of Appeals applied the appropriate federal standard:

{¶13} The Due Process Clause of the Fourteenth Amendment "protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).  The relevant question "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

*State v. Schwarzman*, 2014-Ohio-2393 at *3, *appeal not allowed*, 2014-Ohio-4414, 140 Ohio St.

3d 1454, 17 N.E.3d 600.  The Ohio Court of Appeals correctly articulated the standard under

*Jackson*.  In applying this standard, the appellate court found:

{¶ 14} The version of R.C. 2907.02(A)(1)(b) in effect at the time Schwarzman committed his crimes stated: "No person shall engage in sexual conduct with another who is not the spouse of the offender when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

{¶ 15} "Ordinarily, precise times and dates are not essential elements of offenses," *State v. Sellards,* 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985), but the date of the offense is an essential element of rape under R.C. 2907.02(A)(1)(b) to prove that the victim was less than 13 years of age at the time of the offense. Unlike rape as defined in R.C. 2907.02(A)(2) that requires the offender to use force or the threat of force, rape under of R.C. 2907.02(A)(1) is not defined by reference to force. Instead, rape under R.C. 2907.02(A)(1) is defined under terms in which the victim is unable to resist or consent to sexual conduct because of intoxication, age, mental, or physical condition. In terms of the victim's age under R.C. 2907.02(A)(1)(b), the Committee Comment to the section states that the rationale for criminalizing sexual conduct with the prepuberty victim (commonly known as "statutory rape") is that "the physical immaturity of a prepuberty victim is not easily mistaken, and engaging in sexual conduct with such a person indicates vicious behavior on the part of the offender."

{¶ 16} Although the victim's age is an essential element of rape under R.C. 2907.02(A)(1)(b), the state need not establish precise dates of when the offense occurred, as long as a rational trier of fact could find that the victim was less than 13 years of age at the time of the offense. *State v. Nelson,* 8th Dist. Cuyahoga No. 54905, 1989 Ohio App. LEXIS 147 (Jan. 19, 1989); *State v. Bell,* 12th Dist. Butler No. CA99–07–122, 2001 Ohio App. LEXIS 1915 (Apr. 30, 2001).

{¶ 17} The victim testified that she was born in February 1991. When she was eight or nine years old, she, her mother, and two sisters moved into Schwarzman's house to live with him and his two daughters.

{¶ 18} In 2001, the victim recalled a time that she accompanied Schwarzman to his third-shift job at a retail store. When they arrived home, the victim's mother was at work and

her sister and stepsisters were sleeping. As the victim headed up to her bedroom, Schwarzman pulled her by the arm into his bedroom. He undressed her, put on a condom, had her lay on the bed, and engaged in intercourse with her. When he finished, he fell asleep. The victim said she "stayed still" on the bed, not moving until Schwarzman awoke. He saw her sitting on the bed and said, "oh, you want some more." He then raped her again. She did not tell her mother for fear of being beaten.

{¶ 19} The victim recounted another occasion in 2001 when she was in third grade, when Schwarzman told her to come to the basement. He removed her clothes, put on a condom, and began to engage in intercourse with her. He was interrupted, however, by the one of the victim's stepsisters. Schwarzman went over to the stepsister (his daughter) and told her not to say anything about what she saw because "daddy will go to jail."

{¶ 20} A rational trier of fact could find that the victim's testimony showed that Schwarzman's acts of rape occurred when she was less than 13 years of age. This testimony was sufficient evidence of the three counts of rape.

{¶ 21} The sole count of attempted rape relates to an incident in which a nude Schwarzman took the victim into the dining room of their house and was undoing the drawstring of her pants when her younger sister entered the room. After being discovered, Schwarzman ran into the bathroom. The victim said "[I] pulled my pants up and I tied them in a knot" so that she could tell her sister that Schwarzman was trying to untie her pants because she was unable to do so.

{¶ 22} Originally charged as rape in Count 9 of the indictment, the count alleged the date of the offense as January 1, 2001 to December 31, 2001. When asked when this attempted rape occurred, the victim said, "I want to say '04." Likewise, the sister who witnessed the incident testified but was unable to give a year for when it occurred. When asked what school grade she was in at the time she witnessed the incident, the sister said "I was maybe third or fourth, between third and fifth grade."

{¶ 23} The victim's 13th birthday occurred in February 2004, so it was possible that the attempted rape occurred before the victim turned 13 years of age. The sister said that she moved into Schwarzman's house in 2001, when she was in the second grade. Even if the sister was in the fifth grade at the time of the attempted rape (and assuming a typical school year running through at least the month of May), it was possible that the victim was not more than 13 years of age at the time of the offense.

{¶ 24} When ruling on the legal sufficiency of the evidence, we must view the evidence in a light most favorable to the state. On the evidence presented, a rational trier of fact could find that the testimony of either witness made it possible that the attempted rape occurred before the victim turned 13 years of age, even if outside the dates alleged in the indictment. When a defendant is charged with offenses against children under the age of 13, "[t]he only effect the date and time have on the offense is to show that the victims were under the age of thirteen at the time of the offense." *State v. Hupp,* 3d Dist. Allen No. 1–08–21, 2009–Ohio–1912, ¶ 9. That neither the victim nor her sister could

remember the exact date of the offense does not render their testimony unpersuasive—
any inconsistency goes to the weight of their testimony.

*State v. Schwarzman*, 2014-Ohio-2393 at *4-5.

Based on the above, the Ohio Court of Appeals reasonably applied the *Jackson* standard.
The *Jackson* standard is not whether the trier of fact made the correct guilt or innocence
determination but, rather, whether it made a rational decision to convict or acquit. *Herrera v.
Collins*, 506 U.S. 390, 402 (1993).  In making this determination, a court does not reweigh the
evidence or redetermine the credibility of the witnesses. *Matthews v. Abramajtys,* 319 F.3d 780,
788 (6th Cir. 2003).  In addition, circumstantial evidence alone may be sufficient to support a
conviction. *Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008) (internal citation omitted). In
considering a sufficiency claim, "circumstantial evidence is entitled to equal weight as direct
evidence." *Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007).  The Sixth Circuit has "long held
that the testimony of the victim alone is constitutionally sufficient to sustain a conviction."
*Tucker v. Palmer,* 541 F.3d 652, 658–59 (6th Cir. 2008) ("the Constitution does not require
anything more than a credible eyewitness.") *citing United States v. Terry,* 362 F.2d 914, 916 (6th
Cir.1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to
support a verdict of guilty."); *see also O'Hara v. Brigano,* 499 F.3d 492, 500 (6th Cir.2007)
(holding that victim's testimony that habeas petitioner abducted her and raped her was
constitutionally sufficient to sustain conviction despite lack of corroborating witness or physical
evidence); *United States v. Howard,* 218 F.3d 556, 565 (6th Cir.2000) (holding that even if the
only evidence was testimony of the victim, that is sufficient to support a conviction, even absent
physical evidence or other corroboration); *United States v. Jones,* 102 F.3d 804, 807 (6th
Cir.1996) (noting that there is sufficient evidence to support a conviction even if the
"circumstantial evidence does not remove every reasonable hypothesis except that of guilt")

(internal quotation marks omitted). In this case, the victim's testimony that Schwarzman committed the rapes and attempted rape was sufficient evidence for the trier of fact to rely on to make a rational decision to convict him for the crimes. See victim's testimony; Doc. 11-3, Page ID# 941-978. In addition to the victim's testimony, the victim's sister also testified to having witnessed the attempted rape. Doc. 11-3, Page ID# 372-375. Thus, there was sufficient evidence for the trier of fact to make a rational decision to convict Schwarzman for these crimes.

Schwarzman has made various arguments in which he contends that the victim and her mother falsely accused him years after the alleged incidents in retribution for his removal of the victim from his home after his marriage to the mother ended; that the evidence was contradictory; that there were gaping holes in the state's evidentiary time-line; and that the jury was misled by the state's arguments. But Schwarzman has failed to demonstrate that the appellate court's decision is contrary to or an unreasonable application of clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, for the foregoing reasons, Schwarzman must be denied federal habeas relief on Ground Three on the merits.

### E. Ground Four (manifest weight)

In his fourth ground for relief, Schwarzman maintains that his convictions were against the manifest weight of the evidence.[60] Respondent argues, and the undersigned agrees, that a manifest weight of the evidence claim is not cognizable on federal habeas review. *See Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1976). "A 'manifest weight of evidence' claim is based on a state law concept that 'is both quantitatively and qualitatively different' from a constitutional due process sufficiency of evidence standard, raises an issue of state law only." *Brown v. Moore*, 2008 WL 4239160, *8 (S.D. Ohio 2008) (citing 28 U.S.C. § 2254(a); *Pulley v.*

---

[60] ECF Doc. No. 1, Page ID# 10.

*Harris*, 465 U.S. 37, 41 (1998)).  Accordingly, Schwarzman should be denied federal habeas relief on Ground Four as it does not present a claim that is cognizable under federal habeas review.

###### F.      Grounds Five, Six, and Seven (evidence rulings)

In his fifth, sixth, and seventh grounds for relief, Schwarzman asserts that the trial court erred in its application of state evidence law.  Specifically, Schwarzman asserts that the trial court erred in admitting testimony of the victim's mother regarding her daughter's diary because it contained hearsay (Ground Five); in allowing the state to impeach its own witness (Ground Six); and by limiting testimony of Schwarzman's own witness (Ground Seven).[61]  Respondent argues that Grounds Five, Six, and Seven are procedurally defaulted and non-cognizable.[62]

Schwarzman presented these three grounds to the court of appeals on direct review as his fifth, six, and seventh assignment of error.[63]  However, Schwarzman did not fairly present the substance of these issues *as federal law claims* to the state courts.  *See McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir.2000).  General allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement. *Id.*  On his direct appeal to the Ohio appellate court Schwarzman generally stated that Grounds Five and Six were "due process" violations but only argued the cases under Ohio evidence rules.[64]  With regard to Ground Seven, Schwarzman presented that claim only as a violation of Ohio's Evidence R. 607(A) and did not make any reference to a federal constitutional violation.  Moreover, even if Schwarzman these three claims were deemed to have been fairly presented as constitutional issues, Schwarzman still did not pursue any of these

---

[61] ECF Doc. No.1, Page ID# 12, 13, 14.
[62] ECF Doc. No. 11, Page ID# 378-379.
[63] ECF Doc. No. 11-1, Page ID# 454-457.
[64] Id.

claims in his subsequent appeal to the Ohio Supreme Court.[65]  Because Grounds Five, Six, and Seven were not fairly presented as federal claims in state court and, alternatively, because Schwarzman failed to pursue these claims on his appeal to the Ohio Supreme Court, Grounds Five, Six, and Seven have been procedurally defaulted.  *See Williams,* 460 F.3d at 806 *quoting O'Sullivan*, 526 U.S. at 848-7 ("A petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.' "); *see also, Newton*, 349 F.3d at 877 ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").

Grounds Five, Six, and Seven are also non-cognizable to the extent Schwarzman alleges a misapplication of Ohio Rules of Evidence by the trial court.  *See Sanborne v. Parker,* 629 F.3d 554, 575 (6th Cir.2010) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions."); *Markham v. Smith*, 10 F. App'x 323, 325 (6th Cir. 2001) (finding petitioners claims based admission of evidence in state court non-cognizable). Errors by a state court in the admission of evidence become cognizable in habeas corpus proceedings only where they deny the defendant his fundamental right to a fair trial. *See Kelly v. Withrow,* 25 F.3d 363, 370 (6th Cir.1994).  "Only when the evidentiary ruling impinges on a specific constitutional protection or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas corpus remedy." *Barrett v. Acevedo,* 169 F.3d 1155, 1163 (8th Cir.1999); *see also, Coleman v. Mitchell,* 244 F.3d 533, 542 (6th Cir.2001).

Here, none of the evidentiary rulings caused the denial of Schwarzman's fundamental right to a fair trial.  With regard to the admission of testimony related to the diary, the direct allegations of the diary were never presented.  The jury was "only aware that there were allegations of something sexual occurring between Schwarzman and the victim" and the

---

[65] ECF Doc. No. 11-1, Ex. 14.

reference to the diary entry was "only to show when the mother first learned of the victim's allegations"[66] Additionally, the victim testified at trial as to her allegations and Schwarzman could have examined her on this manner. Next, the trial court allowed the state to impeach its own witness on the basis of surprise. Schwarzman argued that the state could not satisfy the element of surprise necessary for impeachment of a party's own witness because the state had reason to believe that the stepsister would recant her prior testimony. Schwarzman stated that the stepsister twice called the detective prior to trial in an attempt to recant.[67] The appellate court noted that the stepsister testified that she left a message for the detective but he never called her back. The appeals court stated that it had "no basis for concluding that the state knew that the stepsister would recant her testimony."[68] Although the trial court allowed impeachment of the witness over objection, it also prohibited the state from using the stepsister's prior statement as substantive evidence and instructed the jury accordingly.[69] Finally, Schwarzman asserts that the trial court improperly limited testimony by his witness, Ms. Jackson, that the victim personally knew her son. Schwarzman asserts that this evidence would have countered the victim's claim that she did not know Ms. Jackson's son. The appellate court stated that such testimony "would not only have been irrelevant, but remote in time because the victim's acts in 2012 had no relevancy to the rapes that occurred in 2001."[70] Based on the above, Schwarzman has failed to show how any of these evidentiary rules impinged on a specific constitutional protection or are so prejudicial as to amount to a denial of due process.

---

[66] ECF Doc. No. 11-1, Page ID# 516-517.
[67] ECF Doc. No. 11-1, Page ID# 519.
[68] Id.
[69] ECF Doc. No. 11-1, Page ID# 518.
[70] ECF Doc. No. 11-1, Page ID# 520.

For all of the aforementioned reasons, the undersigned recommends that Grounds Five, Six, and Seven be denied on the ground that they were procedurally defaulted and present only non-cognizable claims.

### G.     Ground Eight (sentence challenge)

In his eighth ground for relief, Schwarzman claims his sixteen year sentence is contrary to law and disproportionate.[71]  Respondent argues that Ground Eight is procedurally defaulted and not cognizable.[72]  Respondent asserts that Schwarzman never raised this claim in state court on direct appeal.[73]  In the caption of his eighth assignment of error to the court of appeals, Schwarzman stated that his sentence was contrary to law because it was disproportionate to his conduct and contrary to the purposes of felony sentencing; yet he only argued the latter portion (i.e. that his sentence was contrary to the purpose of felony sentencing).[74]  Thus, Schwarzman did not present a disproportionality argument to the state court and would now be barred from doing so based on the doctrine of *res judicata*. The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata* is an adequate ground for denying federal habeas relief.  *See, e.g., Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (finding that "Ohio's doctrine of *res judicata* as a procedural bar is regularly applied by the Ohio courts").

Alternatively, to the extent that Schwarzman challenged his conviction at all, he framed the challenge only as a state law issue, citing Ohio Rev. Code §§ 2929.11 and  2929.12.[75]  Thus, the Ohio court of appeals only reviewed the issue as a state law challenge.[76]  In order to satisfy

---

[71] ECF Doc. No.1, Page ID# 15.
[72] ECF Doc. No. 11-1, Page ID# 381-382.
[73] ECF Doc. No. 11-1, Page ID# 381.
[74] ECF Doc. No. 11-1, Page ID# 456-457; See also ECF Doc. No. 11-1, Page ID# 521.
[75] ECF Doc. No. 11-1, Page ID# 456-457.
[76] ECF Doc. No. 11-1, Page ID# 521-522.

the fair presentation requirement, a habeas petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. See, e.g., *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). Moreover, Schwarzman did not pursue any challenge to the sentence itself in his attempt to appeal to the Ohio Supreme Court.  *See Williams,* 460 F.3d at 806 *quoting O'Sullivan*, 526 U.S. at 848-7 ("A petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'").

Thus, Schwarzman procedurally defaulted Ground Eight by failing to fairly present the issue of sentence disproportionality to the state court on direct appeal and by not pursuing the appeal to the Ohio Supreme Court. Such an appeal is now barred by the doctrine of *res judicata*.

### H.      Ground Nine (ineffective assistance of counsel)

In his ninth ground for relief, Schwarzman argues that he was "prejudiced by ineffective assistance of trial and appellate counsel."[77]  He asserts that his trial counsel was ineffective for failing to timely file a request for a continuance, to hire an investigator through the court, and prepare his case for trial.[78]  He also states in his petition that his appellate counsel was ineffective, but Schwarzman provides no basis for this claim.[79]  Respondent argues that Ground Nine is procedurally defaulted.[80]

---

[77] ECF Doc. No. 1, Page ID# 17.
[78] ECF Doc. No. 1-2, Page ID# 94.
[79] Id. Page ID# 94-95.
[80] ECF Doc. No. 11, Page ID# 383-384.  Even if Schwarzman had made arguments in his habeas petition specific to the ineffectiveness of his *appellate* counsel, those claims would be barred by procedural default since Schwarzman presented those claims in his Rule 26(B) application but did not take an appeal from the appellate court's denial of that application to the Ohio Supreme Court.  Schwarzman would now be barred from doing so because delayed appeals are not available for denials of 26(B) applications.  S. Ct. Prac. R. 701(A)(4)(c); *Wright v. Lazaroff*, 643 F. Supp.2d 971, 994 (S.D. Ohio 2009).

Schwarzman raised the issue of ineffective assistance of trial counsel for the first time on appeal to the Ohio Supreme Court as his third proposition of law.[81]  The Ohio Supreme Court declined jurisdiction of his appeal.[82]  Schwarzman again tried to raise his ineffective assistance of trial counsel claim on his petition for postconviction relief;[83] however, the trial court denied his petition for postconviction relief under the doctrine of *res judicata* because Schwarzman failed to raise the claim on direct appeal.[84]  Thus, Schwarzman's ineffective assistance of counsel claim is procedurally defaulted. *See Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted." (Internal citations omitted)).

## I.      Ground Ten (medical technician)

In his tenth ground for relief, Schwarzman claims that the trial court committed reversible error when it denied his motion for a medical technician to determine whether a sexually transmitted disease existed in the minor victim (there was evidence that Schwarzman was HSV-2 positive).[85]  Respondent argues that Ground Ten is procedurally defaulted.[86]

Schwarzman presented this claim to the Ohio courts for the first time in his Memorandum in Support of Jurisdiction to the Ohio Supreme Court on July 16, 2014;[87]  Schwarzman failed to raise the claim first in his direct appeal to the Ohio court of appeals.[88]  Schwarzman subsequently

---

[81] ECF Doc. No. 11-1, Page ID# 536-541.
[82] ECF Doc. No. 11-1, Ex. 16.
[83] ECF Doc. No. 11-1, Page ID# 580-583.
[84] ECF Doc. No. 11-1, Page ID# 602.
[85] ECF Doc. No. 1, Page ID# 18.
[86] ECF Doc. No. 11, Page ID# 385-386.
[87] ECF Doc. No. 11-1, Page ID# 534-536.
[88] See ECF Doc. No. 11-1, Ex. 10 (On direct appeal Schwarzman did not argue that the trial court committed reversible error when it denied his motion for a medical technician to determine the transmittal of an infectious disease as he has argued in his petition.  However, Schwarzman did mention the issue of

raised the claim again in his state post-conviction motion,[89] but the court found the claim barred by the doctrine of *res judicata* because it was not raised on direct appeal.[90]

Schwarzman also presented the medical technician denial claim in his application for reopening his direct appeal pursuant to Ohio App. Rule 26(B).[91]  However, this did not preserve the underlying claim for a merits review in this habeas action.  "[C]laims raised under the motif of ineffective assistance of counsel are not the same claim when raised in federal court as trial error." *Gau v. Kelly,* No. 4:09 CV 2955, 2010 U.S. Dist. LEXIS 141009, at * 16 (N.D. Ohio Aug. 11, 2010) (citing *Lott v. Coyle,* 261 F.3d 594, 611-12 (6th Cir. 2001) and *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)), *adopted*, 2011 U.S. Dist. LEXIS 11084 (N.D. Ohio Feb. 3, 2011). '"[A] Rule 26(B) application based on ineffective assistance cannot function to preserve the underlying substantive claim' such that it will not be found to be procedurally defaulted." *Abshear v. Moore,* 354 Fed. Appx. at 968 (quoting *Davie v. Mitchell,* 547 F.3d 297, 312 (6th Cir. 2008)).  Nonetheless, the Ohio court of appeals determined that no motion for a medical technician was ever made; rather the trial counsel included that issue as part of his argument for needing a continuance.[92]  Moreover, Schwarzman never appealed the appellate decision to the Ohio Supreme Court.

Based on all of the above, the Court should conclude that Ground Ten is procedurally defaulted.

---

the medical technician on direct appeal under the context of the trial court's failure to grant a continuance stating "the factors weight in favor of granting a continuance…
[89] ECF Doc. No. 11-1, Page ID# 583-584.
[90] ECF Doc. No. 11-1, Page ID# 602.
[91] ECF Doc. No. 11-1, Page ID# 611-612, 619.
[92] ECF Doc. No. 11-1, Page ID# 638; *State v. Schwarzman*, 2015-Ohio-516, ¶ 15

### J.      Ground Eleven (Equal Protection)

In his eleventh ground for relief, Schwarzman argues that his right to equal protection of the laws has been infringed, thereby depriving him of a fair trial.[93]  Schwarzman claims that his equal protection rights were violated when the trial court allowed testimony about the victim's diary.[94]  The issue of the trial court's allowance of testimony concerning the diary has already been discussed in relation to Ground Five, above.  As discussed in that section, and incorporated herein, Schwarzman's claims that testimony should not have been allowed regarding the diary are procedurally defaulted and not cognizable.  This analysis does not change because Schwarzman has invoked the phrase "equal protection."  Notably, despite Schwarzman's use of the phrase "equal protection" in his argument related to this claim, he only invokes state evidence rules and state law cases throughout his argument on Ground Eleven.[95]  Thus, for the reasons previously discussed in relation to Ground Five, the Court should conclude that Schwarzman's Ground Eleven in procedurally defaulted and presents no cognizable claims.[96]

### K.      Ground Twelve (Due Process)

In Ground Twelve, Schwarzman argues that he was denied due process of law based on "violations of constitutional rights, statutes, evidence rules, and criminal procedures."[97]  In his memorandum in support of his habeas petition, Schwarzman again argues that the victim's

---

[93] ECF Doc. No. 1, Page ID#  19; ECF Doc. No. 1-2, Page ID# 98..

[94] ECF Doc. No. 1-2, Page ID# 98-104.  Schwarzman also argues that he was prejudiced by prosecutorial misconduct; he was found guilty despite a lack of physical evidence; the state twisted the facts to fit it's purposes; and the actual diary of the victim was never presented at trial.  Each of these arguments has been embodied his other grounds for relief and relies only on state law.

[95] See Id. Page ID# 100, 102.

[96] Schwarzman also raised what he labeled as an equal protection argument in his post-conviction petition, but he did so on the basis that the testimony of Debbie and Harry Briggs was hearsay. ECF Doc. No. 17, Page ID# 580-581.  The trial court found that claim barred by *res judicata*.  Id., Page ID# 602.

[97] ECF Doc. No. 1, Page ID# 20.

mother's testimony regarding the diary resulted in constitutional violations.[98]   As discussed

above, his hearsay arguments regarding the diary are procedurally defaulted and non-cognizable.

Also, to the extent he raises a prosecutorial misconduct claim related to the introduction of

testimony concerning the diary, such claim was not presented to the Ohio courts and would now

be barred from being presented there by the doctrine of *res judicata*.  In addition, Schwarzman

argues that the prosecutor "falsely introduced evidence to the court, the jury and defense counsel

that caused Petitioner's counsel to become ineffective to aid his defense.  Also, counsel admitted

to the court he was ineffective (Tr. 18-27) for failure to obtain witnesses for his defense."[99]  As

discussed above, Schwarzman's ineffective assistance of counsel claim has been procedurally

defaulted; adding the talismanic words "due process" to the claim does not lead to a different

result.  Indeed, Ground Twelve raised many of the same points addressed in Ground Eleven, but

Petitioner merely substitutes the words "due process" for the words "equal protection."  He

raises only arguments based on claimed state law violations which, he argues, deprived him of a

fair trial.  The Court should conclude that Ground Twelve has been procedurally defaulted and

presents only non-cognizable claims.

### L.      Excuses for Procedural Default

As explained above, the undersigned found most of Schwarzman's claims to be

procedurally defaulted. A federal court will not consider the merits of a procedurally defaulted

claim absent a showing of cause and prejudice to excuse the default or a demonstration of actual

innocence.  *Dretke*, 541 U.S. at 388; *See also Wainwrigh*, 433 U.S. at 87, 97 S.Ct. 2497;

*Lundgren,* 440 F.3d at 763.

---

[98] ECF Doc. No. 1-2, Page ID# 104-108.
[99] ECF Doc. No. 1-2, Page ID# 105.

### 1. Cause and Prejudice

"A defendant can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it." *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir.2009). "Habeas petitioners…must present affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren v. Mitchell,* 440 F.3d 754,764 (6th Cir. 2006). Cause requires a petitioner to show a substantial reason to excuse the default and failure to comply with the state procedural rule. *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006).

Schwarzman has not presented evidence or argument regarding cause and prejudice. Rather, responding to arguments in the Return of Writ (that Schwarzman procedurally defaulted many of his claims) Schwarzman contends that under Ohio Supreme Court Practice Rule 16.02 he was not required to include all arguments to the Ohio Supreme Court "only…enough evidence…to convince that court to accept jurisdiction where he then can…submit his MERIT BRIEF that includes arguments supported by propositions of law."[100]   However, Schwarzman misreads the Ohio Supreme Court rules.  Ohio S.Ct. Prac. R. 16.02 does not stand for the proposition that a memorandum in support of jurisdiction does not need to include all arguments. Rather, Rule 16.02 lists what contents must be included in a merit brief if jurisdiction is accepted including "An argument, headed by the proposition of law that appellant contends is applicable to the facts of the case and that could serve as a syllabus for the case if the appellant prevails. If several propositions of law are presented, the argument shall be divided with each proposition set forth as a subheading."  Ohio S.Ct. Prac. R. 16.02(B)(4).  Thus, Rule 16.02 makes clear that all arguments in the merit brief should be related to a proposition of law from the memorandum in support of jurisdiction.  Here, Schwarzman presented only three propositions of law in support of

---

[100] ECF Doc. No. 12, Page ID# 1468; See also ECF Doc. No. 12, Page ID# 1471-1473.

jurisdiction:  (1) that the verdicts were against the manifest weight of the evidence; (2) the trial court committed reversible error when it denied a motion for a medical technician; and (3) that the prosecutor committed reversible error when it violated Rule 3.8, the special responsibility of a prosecutor.[101]  If the Ohio Supreme Court had granted jurisdiction on his appeal, he would not have been permitted to bring additional arguments outside of those propositions of law but, instead, would have been permitted further argumentation on those propositions.  Thus, Schwarzman's argument is unavailing and he has failed to demonstrate cause and prejudice to excuse his procedural defaults.[102]

## 2. Actual Innocence

Although Schwarzman has not shown "cause and prejudice," this Court has equitable discretion to correct a fundamental miscarriage of justice if he proffers new evidence not presented at trial which support a finding that constitutional errors resulted in the incarceration of an actually innocent person.  An "actual innocence claim…is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." S*ouler v. Jones,* 395 F.3d 577, 588-589 (6th Cir. 2005).  The "fundamental miscarriage of justice" gateway is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(quoting *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397

---

[101] ECF Doc. No. 11-1, Page ID#  529.

[102] Schwarzman did not argue that his ineffective assistance of counsel claims serve as cause to excuse his procedural default.  However, ineffective assistance of counsel may serve as cause to excuse a procedural default.  *Murray v. Carrier,* 477 U.S. 478, 488 (1986).  But, here, Schwarzman failed to preserve the underlying ineffective assistance of counsel claims as discussed in relation to Ground Nine.  If an ineffective assistance of counsel clam is itself defaulted, it cannot serve as the basis to establish cause for a separate procedural default.  *Edwards v. Carpenter,* 529 U.S. 446, 452-453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

(1986)). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* To be credible, a claim of actual innocence requires a showing of "new reliable evidence" and requires a showing of factual innocence, not mere legal insufficiency. *See Schulp v. Delo*, 513 U.S. 298, 324 (1995); *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) for the proposition that "actual innocence means factual innocence, not mere legal insufficiency") (internal quotations omitted). "[A] credible claim of actual innocence is extremely rare," S*ouler v. Jones,* 395 F.3d 577, 600 (6th Cir. 2005), and so "[t]he actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case.'" *Id.* at 590 (quoting *Schlup v. Delo,* 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt- or, to remove the double negative, that more likely than not any reasonable juror would have had reasonable doubts. *House v. Bell,* 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006).

 Here, Schwarzman asserts a general claim of "actual innocence"[103] Schwarzman claims that in "each ground [he] does argue in his §2254 petition a claim of actual innocence *by showing of the unfair trial and convictions he endours* [*sic*]." (emphasis added)[104]  However, as explained by the U.S. Supreme Court "actual innocence means factual innocence, not mere legal insufficiency."  *Bousley,* 523 U.S. at 623.  Thus, Schwarzman has failed to demonstrate actual innocence.

---

[103] ECF Doc. No. 12, Page ID# 1466 & 1469.
[104] Id. at Page ID# 1469.

## VII.    Conclusion

For the reasons stated above, the undersigned recommends Schwarzman's habeas petition under 28 U.S.C. § 2254 be **DENIED** because each of his grounds for relief is procedurally defaulted, non-cognizable, and/or without merit.

## VIII.    Recommendation Regarding Certificate of Appealability

### A.    Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  The statute requires that certificates of appealability specify which issues are appealable.  28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

**B.     Analysis**

As to Grounds One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven and Twelve, when a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendations, Schwarzman cannot show that the Court's rulings on the procedural defaults of the claims asserted in Grounds One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven and Twelve are debatable. In addition, Grounds Four, Five, Six, Seven, Eleven and Twelve only present claims that are non-cognizable in a federal

38

habeas petition.  Those determinations, too, cannot reasonably be debated under the record presented in this case.  Finally, Grounds Two and Three (the former having been considered despite the procedural default conclusion) are recommended to be denied on the merits. Schwarzman cannot demonstrate that the state courts deprived him of his federal constitutional rights due the misapplication of clear Supreme Court precedent, and he   Thus, the undersigned recommends that the Court should conclude that Schwarzman is not entitled to a certificate of appealability in this case.

Dated: September 13, 2016

Thomas M. Parker
United States Magistrate Judge

_____

IX.     **Notice to Parties Regarding Objections:**

Local Rule 73.2 of this court provides:

Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947

(6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).