IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK SCHWARZMAN, | ) | Case No. 1:15-CV-885 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | **ORDER AND DECISION** |
| MICHELLE MILLER, Warden, | ) | |
| Respondent | ) | |
| | ) | |

This matter appears before the Court on Petitioner Mark Schwarzman's objections to the magistrate judge's Report and Recommendation ("R & R") recommending dismissal of Petitioner's habeas corpus action. Doc. 13, 14. For the following reasons, Petitioner's objections are OVERRULED and the Court ADOPTS the magistrate judge's R & R and DISMISSES the underlying habeas petition.

The R & R adequately states the factual and procedural background of this case. Petitioner has demonstrated no error in that background, so the Court will not reiterate those sections herein.

## I. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

**II.     LAW AND ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's review of the instant case. See Harpster v. Ohio, 128 F.3d 322, 326 (6th Cir. 1997). The relevant portion of the habeas statute provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). However, if a claim has not been adjudicated on the merits in a state court proceeding, "and has not been procedurally defaulted, we look at the claim de novo rather than through the deferential lens of AEDPA. Hill v. Mitchell, 400 F.3d 308, 313 (6th Cir. 2005).

In order to obtain federal habeas corpus relief, a petition must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement. Bobby v. Dixon, 132 S. Ct. 26, 27 (2011) (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Richter, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 443 U.S. 307, 322 n.5 (1979) (Stevens, J., concurring in judgement)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision. Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 664

2

(2004)). The petitioner carries the burden of proof. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

### A. Ground One: Denial of Continuance

In the R & R, the magistrate judge found that Petitioner's first claim for relief was procedurally defaulted. Petitioner objects to this finding, and asserts that the procedural default should be excused because he would suffer from actual prejudice as a result of the alleged violations of his Sixth and Fourteenth Amendment rights. Petitioner also asserts that procedural default should be excused due to a showing of actual innocence.

"Out of respect for finality, comity, and the orderly administration of justice," a federal court will not consider the merits of a procedurally defaulted claim absent a showing of cause and prejudice to excuse the default or a demonstration of actual innocence. Dretke v. Haley, 541 U.S. 386, 388 (2004). To demonstrate actual prejudice, a petitioner must demonstrate not merely that the errors at trial created a possibility of prejudice, but that the errors worked to the petitioner's actual and substantial disadvantage. United States v. Frady, 456 U.S. 152, 170 (1982). In Petitioner's objection, he fails to adequately demonstrate that he suffered an actual and substantial disadvantage as a result of the denial of the continuance. Petitioner's conclusory statements that he was prejudiced by the denial and the alleged lack of preparedness by his trial attorney are insufficient to meet the standard. Further, Petitioner's recitation of potential witnesses who may have testified if the continuance was granted is also insufficient.

To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner has failed to meet that standard here.

Instead of introducing scientific evidence, Petitioner only asserts that he planned to introduce testimony by a medical expert who could testify that Petitioner has genital herpes ("HSV-2") that could have been transmitted to the victim. Further, the evidence presented at trial alleged that Petitioner wore a condom while committing each offense. Therefore, even if the scientific evidence was presented, it would be inconclusive and not exculpatory. Because Petitioner has not introduced exculpatory scientific evidence, his claim that the procedural default should be excused must fail.

      **B.** **Grounds Two and Three: Sufficiency of the Indictment; Sufficiency of the Evidence**

In the R & R, the magistrate judge found that Petitioner's second claim for relief was procedurally defaulted, and that Petitioner's third claim for relief was without merit. Petitioner objects to these findings and asserts that the procedural default should be excused because the alleged insufficiency of both the indictment and the evidence was a violation of his due process rights under the Fourteenth Amendment. However, Petitioner fails to specify whether the procedural default should be excused as a result of actual prejudice or actual innocence and fails to adequately demonstrate either. Therefore, Petitioner's objection as to grounds two and three must fail.

      **C. Ground Four: Jury verdict is against the manifest weight of the evidence**

In the R & R, the magistrate judge found that Petitioner's fourth claim for relief was not cognizable. Petitioner objects to this finding and asserts that the procedural default should be excused on the grounds of actual innocence. However, Petitioner fails to provide any new reliable evidence in the form of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Petitioner only asserts there was insufficient evidence and contradictory testimony at trial. This is insufficient to meet the actual innocence standard; and

therefore, Petitioner's claim that the procedural default on ground four should be excused must fail.

>   **C. <u>Grounds Five, Six, and Seven</u>: Contents in the victim's diary should have been considered hearsay evidence; state's impeached witnesses testimony was damaging to his defense even though the jury was informed to disregard it; the state prejudiced Petitioner by not allowing his witness to testify fully in his defense.**

In the R & R, the magistrate judge found that Petitioner's fifth, sixth, and seventh claims for relief were procedurally defaulted and not cognizable. Petitioner objects to this finding and asserts that the procedural default should be excused because he would suffer from actual prejudice. However, Petitioner failed to demonstrate that the alleged errors worked to his actual and substantial disadvantage.

Moreover, Petitioner fails to address the issue of cognizability for all three grounds. The grounds allege a misapplication of the Ohio Rules of Evidence, and "it is not the province of a federal habeas court to reexamine state court determinations on state-law questions." <u>Markham v. Smith</u>, 10 F. App'x 323, 325 (6th Cir. 2001). Because Petitioner fails to address the issue of cognizability, his objections are without merit.

>   **E. <u>Ground Eight</u>: Sentences are contrary to law and disproportionate to Petitioner's conduct**

In the R & R, the magistrate judge found that Petitioner's eighth claim for relief was procedurally defaulted. Petitioner objects to this finding and asserts that the procedural default should be excused because this ground for relief is cognizable. However, Petitioner fails to address whether the procedural default should be excused due to actual prejudice or actual innocence and fails to adequately support either. Therefore, Petitioner's objections is without merit.

5

**F. <u>Ground Nine</u>: Petitioner was prejudiced by ineffective assistance of appellate and trial counsel**

In the R & R, the magistrate judge found that Petitioner's ninth claim for relief was procedurally defaulted. Petitioner objects to this finding and asserts that the procedural default should be excused because he would suffer from actual prejudice as a result of his counsel's alleged ineffective assistance. However, Petitioner failed to argue cause and prejudice to overcome the procedural default. Therefore, Petitioner's objection is without merit.

**G. <u>Ground Ten</u>: The trial court committed a reversible error when it denied Petitioner's motion for a medical technician to determine the transmittal of an infectious disease**

In the R &R, the magistrate judge found that Petitioner's tenth claim for relief was procedurally defaulted. Petitioner objects to this finding and asserts that the procedural default should be excused on the grounds of actual innocence. However, Petitioner fails to introduce any new reliable evidence in the form of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Petitioner only asserts generally that a medical technician could have demonstrate his actual innocence, which is insufficient to overcome procedural default. Therefore, Petitioner's objection is without merit.

**H. <u>Grounds Eleven and Twelve</u>: Petitioner has a right to equal protection of the laws; violations of constitutional rights, statutes, evidence rules, and criminal procedures prevented Petitioner from due process of law**

In the R & R, the magistrate judge found that Petitioner's eleventh and twelfth claims for relief were procedurally defaulted and not cognizable. Petitioner objects to this finding and asserts that the procedural default should be excused on the grounds of actual innocence. However, Petitioner fails to introduce any new reliable evidence in the form of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Petitioner only supports his claim with conclusory statements that his rights to equal protection and due

process were violated. This is insufficient to meet the actual innocence standard and overcome procedural default. Therefore, Petitioner's objection must fail.

### III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Petitioner's objections, and therefore, those objections are OVERRULED. The Court ADOPTS the R & R. Doc. 13. The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: July 27, 2017        */s/ John R. Adams*
                            JUDGE JOHN R. ADAMS
                            UNITED STATES DISTRICT COURT